UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

Frank Underhill, Jr.,

　　　　　　　Plaintiff

v.

For the Earth Corporation, et al.,

　　　　　　　Defendants

Case No. 2:21-cv-01287-CDS-MDC

**Order Accepting Magistrate Judge's Report and Recommendation**

[ECF No. 86]

Plaintiff Frank Underhill initiated this action in May 2021 in the Eighth Judicial District Court of Clark County, Nevada, against For the Earth Corporation and Nelson Grist. Compl., ECF No. 1-1. The defendants removed it to federal court in July 2021. Removal pet., ECF No. 1. In December 2022, the parties agreed to stay the case until the court ruled on the defendants' motion to enforce the settlement agreement. Mot. to stay, ECF No. 34. In August 2023, the court issued its decision finding the settlement agreement unenforceable. Order, ECF No. 46. The case then remained inactive until April 2024, when I issued a show-cause order. Order, ECF No. 48. The following month, the defendants' counsel withdrew from representation. ECF Nos. 52, 53, 56. After several extensions of discovery deadlines and an unsuccessful settlement conference, the defendants' newly retained counsel also withdrew. ECF Nos. 68, 69, 72, 76.

Because For the Earth is a corporation, it was ordered to retain counsel to proceed in this action. Order, ECF No. 76 (citing *Reading Intern., Inc. v. Malulani Group, Ltd.*, 814 F.3d 1046, 1053 (9th Cir. 2016)). When For the Earth did not retain counsel by the March 24, 2025 deadline, U.S. Magistrate Judge Daniel J. Albgrets issued an order to show cause. Order, ECF No. 80. For the Earth was reminded that "[a] corporation may appear in federal court only through licensed counsel" and cautioned that its continued failure to appear through an attorney would result in a recommendation of sanctions, including entering default against it. *Id.* (citing *United States v.*

*High Country Broad. Co., Inc.*, 3 F.3d 1244, 1245 (9th Cir. 1993)). For the Earth had until May 30, 2025, to file a response explaining its failure to comply with the court's order. *Id.* at 2. Despite two explicit warnings that the corporation's failure to retain counsel could result in the entry of a default, For the Earth did not respond to the court's show-cause order, retain counsel, or otherwise answer in any way.[1]

On January 26, 2026, Judge Albgrets entered a report and recommendation (R&R) that I enter default against For the Earth due to its failure to comply with orders to retain new counsel. R&R, ECF No. 86. Judge Albregts also advised For the Earth that it had fourteen days—until February 9, 2026—to file any specific, written objections to the R&R. *Id.* at 3 (citing Local Rule IB 3-2 (stating that parties wishing to object to the findings and recommendations must file specific written objections within fourteen days)); *see also* 28 U.S.C. § 636(b)(1)(C) (same). That deadline also passed, and no objection is filed. The law is clear that "no review is required of a magistrate judge's report and recommendation unless objections are filed." *Schmidt v. Johnstone*, 263 F. Supp. 2d 1219, 1226 (D. Ariz. 2003); *see also Thomas v. Arn*, 474 U.S. 140, 150 (1985); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003).

Nonetheless, I find an independent review is appropriate to determine whether to adopt the R&R. Here, For the Earth was warned on three separate occasions that its failure to retain counsel could result in the entry of default. ECF Nos. 76, 80, 86. As of the date of this order, the court has received neither a notice of appearance by counsel on For the Earth's behalf, any request seeking an extension of time to retain new counsel, nor an objection to Judge Albgrets's recommendation to enter a default.

---

[1] The orders sent to For the Earth were returned as undeliverable. It has therefore also failed to notify the court of its current address, a violation of Local Rule IA 3-1 (requiring parties to immediately file with the court written notification of any change of mailing address). LR IA 3-1. Failure to comply may result in the entry of default judgment. *Id.* LR IA 3-1.

It is a longstanding rule that "[c]orporations and other unincorporated associations must appear in court through an attorney." *In re Am. W. Airlines*, 40 F.3d 1058, 1059 (9th Cir. 1994) (per curiam). Furthermore, default judgment is appropriate when a defaulting corporation fails to comply with a district court's order to retain licensed counsel. *High Country Broad.*, 3 F.3d at 1245. For the Earth's disregard of Judge Albgrets's orders has delayed litigation and disrupted the court's ability to manage its docket efficiently. Sanctions less drastic than default are unavailable because For the Earth has willfully refused to comply with court orders and to obtain counsel necessary to continue participating in this action. Accordingly, I concur with the magistrate judge's recommendation that For the Earth's repeated failure to meet their obligation to retain counsel warrants entering default against it and in favor of plaintiff Frank Underhill, Jr.

## Conclusion

IT IS HEREBY ORDERED that the magistrate judge's report and recommendation [ECF No. 86] **is accepted and adopted in its entirety**.

The Clerk of Court is kindly instructed to enter default against defendant For the Earth Corporation. The plaintiff is directed to file a motion for default judgment that satisfies the requirements of Rule 55 of the Federal Rules of Civil Procedure, and the factors established in *Eitel v. McCool*, 782 F.2d 1470, 1471–72 (9th Cir. 1986), by February 27, 2026.

IT IS FURTHER ORDERED that the remaining parties must prepare and file a proposed joint pretrial order consistent with Local Rules 16-3 and 16-4 by March 3, 2026.

Dated: February 9, 2026

_____
Cristina D. Silva
United States District Judge

3