UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

Frank Underhill, Jr.,

                Plaintiff

v.

Nelson Grist, et al.,

                Defendants

Case No. 2:21-cv-01287-CDS-DJA

**Order Rejecting Plaintiff's Pretrial Order and Denying as Moot Plaintiff's Second Motion to Extend Time**

[ECF Nos. 94, 95]

The court has repeatedly ordered the parties to file a proposed joint pretrial order. Pursuant to the eighth amended scheduling order, the parties were required to file a proposed joint pretrial order by November 28, 2025. ECF No. 85. They did not, so I ordered them to do so by March 3, 2026. ECF No. 88. On the day it was due, plaintiff Frank Underhill Jr. moved to extend the time to file the proposed joint pretrial order. ECF No. 91. In that motion, Underhill represented that the parties reached a settlement that would resolve all claims but, "in an abundance of caution," he requested an additional ten days. *Id.* I granted that request and extended the deadline to March 13, 2026. ECF No. 92. In the alternative, I ordered that if the parties must file either a stipulation of dismissal or a joint status report addressing settlement by that same date. *Id.* The parties failed to comply with either directive. On March 24, 2026, I again ordered the parties to file a proposed joint pretrial order by April 6, 2026. ECF No. 93. Despite these orders and extensions, the parties again failed to comply. They also failed to file a joint status report addressing the status of the purported settlement or to dismiss the case. On April 8, 2026, Underhill filed a motion seeking a four-day extension of time to file the joint pretrial order. ECF No. 94. Then, on April 10, 2026, Underhill filed a proposed pretrial order. ECF No. 95.

First and foremost, it appears that defendant Nelson Grist did not participate in the preparation of the proposed order, so it is not a joint order as required by Local Rule 16-3(b). Underhill's proposed order fails to indicate whether he invited the defendant to assist in its preparation. Thus, I reject it. Further, in the proposed order, Underhill again represents that the parties have reached a settlement in principle and requests sixty days to finalize the settlement before filing a stipulation of dismissal. ECF No. 95 at 3. In light of this continued representation, I will grant one final extension of time. However, failure to comply with the court's order **will** result in the imposition of sanctions, up to and including monetary sanctions and the dismissal of this case.[1]

### Conclusion

It is hereby ordered that Underhill's proposed pretrial order **[ECF No. 95] is REJECTED**, and his second motion to extend time **[ECF No. 94] is DENIED as moot**.

It is further ordered that the parties must file either a stipulation of dismissal or a joint status report addressing settlement by June 5, 2026. Failure to timely comply **will** result in the imposition of sanctions, up to and including monetary sanctions and the dismissal of this case.

Dated: April 13, 2026

_____
Cristina D. Silva
United States District Judge

---

[1] Local Rule IA 11-8(e) ("The court may . . . impose any and all appropriate sanctions on an attorney or party who[] . . . [f]ails to comply with any order of this court.").