UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| Frank Underhill, Jr., Plaintiff v. For the Earth Corporation, Defendant | Case No. 2:21-cv-01287-CDS-MDC **Order Dismissing Case** |

Plaintiff Frank Underhill, Jr. has failed to respond to the court's latest show-cause order and has failed to prosecute this action with reasonable diligence. It is well established that district courts have the authority to dismiss an action based on a party's failure to prosecute, failure to obey a court order, or failure to comply with local rules. Fed. R. Civ. P. 41(b); *Ghazali v. Moran*, 46 F.3d 52, 53–54 (9th Cir. 1995) (dismissal for noncompliance with local rule); *Malone v. U.S. Postal Serv.*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for lack of prosecution and failure to comply with local rules).

In determining whether to dismiss an action on one of these grounds, the court must consider: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. *Ghazali*, 46 F.3d at 53; *Malone*, 833 F.2d at 130; *Henderson*, 779 F.2d at 1423–24.

The first two factors, the public's interest in expeditiously resolving this litigation and the court's interest in managing its docket, weigh in favor of dismissal. The Ninth Circuit has held that "[t]he public's interest in expeditious resolution of litigation always favors dismissal." *Yourish v. Cal. Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999). Here, the defendants removed this action

from the Eighth Judicial District Court, Clark County, NV, in July 2021. ECF No. 1. In January 2023, the defendants filed their motion to enforce the settlement agreement. ECF No. 36. On August 8, 2023, the court issued its decision finding the settlement agreement unenforceable. ECF No. 46. The case then sat unprosecuted until April 2024, when I issued the first order to show cause. ECF No. 48. Since then, the plaintiff has failed to engage with the case in any meaningful way. This lack of engagement clearly suggests that he does not intend to litigate this case diligently or expeditiously.

The third factor, the risk of prejudice to the defendant, also favors dismissal. Although a plaintiff's unexplained failure to prosecute gives rise to a presumption of prejudice, *Laurino v. Syringa Gen. Hosp.*, 279 F.3d 750, 753 (9th Cir. 2002), no such risk of prejudice exists here because For the Earth Corporation will have avoided liability. The clerk entered default against For the Earth after it failed to retain counsel. ECF Nos. 86, 88–89. As a result, Underhill was ordered to file a motion for default judgment. ECF No. 88 at 3. Underhill never did so, nor has he offered any excuse for failing to timely file a motion for default judgment despite being given ample time to do so. Given For the Earth's default, the risk of prejudice is minimal, which weighs in favor of dismissal.

The fourth factor, the public policy favoring disposition of cases on their merits, weighs against dismissal. However, the Ninth Circuit has recognized that "this factor lends little support to a party whose responsibility it is to move a case toward disposition on the merits but whose conduct impedes progress in that direction," which is the case here. *In re Phenylpropanolamine (PPA) Prod. Liab. Litig.*, 460 F.3d 1217, 1228 (9th Cir. 2006) (cleaned up). So, this factor alone does not preclude dismissal. In light of both parties' repeated failure to comply with the court's prior orders, it appears this case cannot move toward disposition on the merits.

The fifth factor, the availability of less drastic sanctions, supports dismissal. Underhill was cautioned that failure to respond to the show-cause order would result in dismissal. ECF No. 100 at 2. A court's warning to a party that their failure to obey the court's order will result in dismissal satisfies the "consideration of alternatives" requirement. *Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992). Despite the warning, Underhill has failed to file a motion for default judgment or request more time to do so.

Four of the five factors support dismissal of the action for failure to prosecute and failure to comply with an order of the court. Underhill has abandoned this case. Therefore, consistent with my August 3, 2026 order, this action is dismissed without prejudice under Federal Rule of Civil Procedure 41(b).

The Clerk of Court is kindly directed to close this case.

Dated: September 11, 2026

______________________

Cristina D. Silva
United States District Judge